989 F.2d 507
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carrol Richard OLSON, Plaintiff-Appellant,
v.
Harold COLEMAN, Sheriff, and Paul Chris Nelson, County
Attorney, Defendants-Appellees.
Carrol Richard OLSON, Plaintiff-Appellant,
v.
Harold COLEMAN, Sheriff, and Alec Beth, County Correctional
Administrator, Defendants-Appellees.
 Nos. 92-3334, 92-3335 and 92-3369.
 United States Court of Appeals, Tenth Circuit.
 March 12, 1993.
 Order and judgment vacated, mandate recalled and judgment reissued April 28, 1993;
See 993 F.2d 1551.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, JR., Circuit Judge.
 
 
 1
 Plaintiff-appellant Carrol Richard Olson appeals the district court's order granting summary judgment to defendants in consolidated civil rights proceedings. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.
 
 
 2
 Mr. Olson filed two separate 42 U.S.C. § 1983 complaints, alleging deprivation of constitutional rights and cruel and unusual punishment. The complaints alleged a beating by a prison guard, denial of necessary medical treatment, and unsanitary and unhealthful conditions at the Southeast Kansas Regional Correctional Facility. The district court consolidated the two complaints and ordered a Martinez report.
 
 
 3
 Following preparation of the Martinez report, which contained sworn affidavits, the defendants moved for summary judgment. We find no issues of material fact that would preclude entry of summary judgment in favor of defendants. Mr. Olson's response to the Martinez report consisted of little more than repetition of his original complaint, was highly conclusory and unsupported by any affidavits, and was unsworn. Because Mr. Olson failed to submit a sworn complaint or any affidavits or other evidence that would satisfy Fed.R.Civ.P. 56(e), the district court could rely on the Martinez report, which contradicted Mr. Olson's conclusory and unsworn allegations. See Mosier v. Maynard, 937 F.2d 1521, 1524 (10th Cir.1991); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).
 
 
 4
 Even assuming arguendo that Mr. Olson was struck, the physical contact he describes was de minimus, and does not constitute a use of force " ' "repugnant to the conscience of mankind" ' " violative of the Eighth Amendment. Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986) (quoting Estelle v. Gamble, 429 U.S. 97, 100 (1976))). Mr. Olson's allegations of unhealthful prison conditions also fail to rise to the level of a deprivation of constitutional rights. While Mr. Olson's living conditions may have been uncomfortable and difficult to adjust to, they fall within the range of permissible inmate facilities. Finally, Mr. Olson's claim of denial of medical care must fail in light of testimony that Mr. Olson refused medical care while at the Southeastern Kansas Regional Correctional Facility. Prison officials demonstrated no deliberate indifference to serious medical needs. See Estelle, 429 U.S. at 104.
 
 
 5
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3